2011-60688
FILED

December 20, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003946327

**9**

1  MARK L. POPE  #182769
Assistant United States Trustee
2  GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
3  United States Department of Justice
Office of the United States Trustee
4  2500 Tulare Street, Suite 1401
Fresno, California 93721
5  Telephone: (559) 487-5002
Telecopier: (559) 487-5030
6

7  Attorneys for August B. Landis,
Acting United States Trustee

8

UNITED STATES BANKRUPTCY COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

FRESNO DIVISION

11

| | | |
|---|---|---|
| In re: | ) | Case No. 11-60688-B-13 |
| | ) | Chapter 13 |
| JUAN RODRIGUEZ | ) | |
| | ) | DC No. UST-1 |
| | ) | |
| | ) | Date:  December 7, 2011 |
| | ) | Time:  10:00 a.m. |
| | ) | Place: U.S. Bankruptcy Court |
| Debtor. | ) | 2500 Tulare Street, Fifth Floor |
| | ) | Courtroom 12 |
| | ) | Fresno, California |
| _____ | ) | Judge: W. Richard Lee |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING
PAYMENT TO THE DEBTOR AND FOR FINES PURSUANT TO 11 U.S.C. § 110**

On December 7, 2011, the Court considered the United States Trustee's Motion for an

Order Directing Payment to the Debtor and for Fines Pursuant to 11 U.S.C. § 110.  Mark L.

Pope, Esq. appeared for the United States Trustee.  Having reviewed the United States

Trustee's unopposed pleadings, the Court now issues the following findings of fact and

conclusions of law.

//

//

- 1 -

RECEIVED
December 08, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003946327

**Findings of Fact**

1.  On July 26, 2011, Juan Rodriguez ("the Debtor") attempted to file an involuntary petition in his own name in this court.

2.  The involuntary petition was a Central District of California form and contained the facsimile transmission signature of "America's Outcry" ("the Preparer") with a transmission date of Jul 25 2011, a time reference of 11:04 a.m., and a fax number of (424) 263-4482.

3.  At that time, the Debtor was questioned about where he got the form and who helped him prepare the bankruptcy.

4.  He said the Sheriff was due to arrive at his residence that day to lock up his house.

5.  He said he went to the Preparer at 12021 Woodruff Avenue, Downey, California to whom he was referred by a friend of his wife.

6.  He said he made 4 trips to Downey to meet with the Preparer and was charged $15,000 (to be paid over 10 months) to recover his home.

7.  He said he made an initial payment of $3,000 and then two more additional payments, each in the amount of either $1,150 or $1,650.

8.  He gave the United States Trustee's office a copy of Chase Bank Transaction Deposit Receipt dated July 2, 2011 in the amount of $1,650 reflecting one of the payments he made to the Preparer by depositing the money into their account.

9.  He said the bankruptcy paperwork was faxed to him from the Preparer.   No attorney or petition preparer signed the involuntary petition.

10.  When Debtor was informed by the clerk that the involuntary petition was not the correct form to file a personal bankruptcy, he called "Adriana" with the Preparer at 1-888-968-8279 to ask her about the forms.

11.  He then received a voluntary petition form from the clerk, filled it out and filed it as Case No.11-18408-A-7, styled *In re Juan Rodriguez* ("the first case").

12.  On July 27, 2011, the Debtor's daughter contacted the United States Trustee by

telephone and  said the police had come to their house and locked the doors.  She said her father was unable to get into the house to provide the United States Trustee with additional documentation regarding his transactions and payments to the Preparer.  She said that Adriana from the Preparer was driving from Downey on that day and that Adriana had called the police to have them open the doors for the Debtor.

13.  On August 4, 2011, the Debtor's daughter told the United States Trustee by telephone that Debtor was still locked out of his house.  She said that her parents had another appointment with the Preparer the following week.

14.  The Debtor's first case was dismissed on August 8, 2011 for failure to timely file documents.

15.  On September 27, 2011, the Debtor filed Case No. 11-60688-B-13, styled *In re Juan Rodriguez* ("the current case").

16.  At that time, the Debtor was accompanied by Andres Andrade Lopez ("Lopez").

17.  Lopez informed the United States Trustee he had not prepared the bankruptcy petition for the Debtor but was just helping him.  Lopez accompanied the Debtor to the window and stayed next to the Debtor while the petition was being processed by the Clerk and while Debtor was being questioned about any assistance he received in preparing his paperwork.

18.  A search of PACER shows that Lopez filed the following bankruptcies in his own name in this Court:

Case No. 09-13568-A-13 filed on April 23, 2009 and dismissed on June 5, 2009

Case No. 09-17078-B-13 filed on July 27, 2009 and dismissed on September 8, 2009

Case No. 10-14176-A-13 filed on April 20, 2010 and dismissed on May 3, 2010

Case No. 10-15841-A-13 filed on May 25, 2010 and dismissed on June 14, 2010.

19.  PACER also shows Lopez was the principal of a real estate company for whom Scott Belden, Esq. filed Case No. 09-12849-A-11, styled *In re Alliance Investments Group, LLC* on April 1, 2009 in which a final decree was granted on May 18, 2010.

20.  PACER also shows that on November 1, 2011 Lopez filed Case No. 11-bk-43884-WJ styled *In re Andres Lopez* in the Central District of California, Riverside Division.

21.  In the Debtor's current case, no attorney or bankruptcy petition preparer signed the petition.

22.  In the Debtor's current case, no disclosure of attorney or bankruptcy petition preparer compensation was filed.

23.   On October 17, 2011, the Debtor's current case was dismissed for failure to timely file documents.

24.  A computer search report of the records of the California Department of Real Estate shows the Preparer has no real estate license.

26.  A computer search report of the real property records for Debtor's residence located at 15846 Giotta Avenue, Ivanhoe, California.  The search reveals that the Debtor's residence was foreclosed on August 9, 2010.  The Deed was recorded on August 23, 2010 listing Wells Fargo Bank as the owner.

## Conclusions of Law

27.  The United States Trustee is statutorily obligated to monitor the administration of cases commenced under chapter 7, 11, 12 and 13 of the Bankruptcy Code.  28 U.S.C. § 586(a)(3).  The United States Trustee has standing to raise, and to appear and be heard on, any issue in any bankruptcy case or proceeding.  11 U.S.C. § 307.   The United States Trustee may file a motion for an order directing payment to the debtor and for fines under 11 U.S.C. §§ 110(i) and 110(l)(3).

28.  The Preparer is a bankruptcy petition preparer.  Section 110 of the Bankruptcy Code provides in relevant part:

> (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney, who prepares for compensation a document for filing; and
> (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States District court in connection with a case under this title.

- 4 -

11 U.S.C. § 110(a)(1) and (2).

29.  The Preparer engaged in fraudulent, unfair and deceptive conduct.   Section 110(i)(1) of the Bankruptcy Code provides in pertinent part:

> If a bankruptcy petition preparer violates this section or commits any acts that the court finds to be fraudulent, unfair, or deceptive, on motion of the debtor, trustee, United States trustee . . . , and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor -
> (A) the debtor's actual damages;
> (B) the greater of -
> (i) $2,000; or
> (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
> (C)  reasonable attorney fees and costs in moving for damages under this subsection.

11 U.S.C. § 110(i)(1).

30.  In charging the Debtor an advance fee of $5,300, at least part of which was for loan modification services without being a licensed real estate broker and without having first performed all of the promised services related thereto, the Preparer engaged in fraudulent, unfair and deceptive conduct.[1]

---

[1]  California Business and Professions Code § 10131 provides in pertinent part:

A real estate broker within the meaning of this part is a person who, for a compensation or in expectation of a compensation, regardless of the form or time of payment, does or negotiates to do one or more of the following acts for another or others: . . .

(d) Solicits borrowers or lenders for or negotiates loans or collects payments or performs services for borrowers or lenders or note owners in connection with loans secured directly or collaterally by liens on real property or on a business opportunity.
Cal. Bus. & Prof. Code § 10131.

California Civil Code § 2944.7 provides in pertinent part:

(a) Notwithstanding any other provision of law, it shall be unlawful for any person who negotiates, attempts to negotiate, arranges, attempts to arrange, or otherwise offers to perform a mortgage loan modification, or other form of mortgage loan forbearance for a fee or other compensation paid by the borrower, to do any of the following:

(1) Claim, demand, charge, collect, or receive any compensation until after the person has fully performed each and every service the person contracted to perform or represented that he or she would perform.

31.  The Preparer further engaged in fraudulent, unfair and deceptive conduct by preparing the Debtor's bankruptcy documents in such away as to conceal its involvement and in charging the Debtor a bankruptcy preparation fee of $5,300 which exceeded this Court's fee limit by $5,175. [2]

32.  The Preparer further engaged in fraudulent, unfair and deceptive conduct in preparing the bankruptcy petition for the Debtor in this case, and having him file it, more than a month after his house had already been foreclosed upon. The Debtors paid the Preparer at least $5,300. The Court shall order the Preparer to pay the Debtor twice that amount, or $10,600. 11 U.S.C. § 110(l)(3).

33.  Section 110 of the Bankruptcy Code provides in relevant part:

> (l)(1) A bankruptcy petition preparer who fails to comply with any provision of subsection(b),(c),(d),(e),(f),(g) or (h) may be fined not more than $500 for each such failure

11 U.S.C. § 110(l)(1).

The Preparer failed to comply with subsections (b), (c), (e), and (h) of Section 110, as described below, and shall be fined for each such failure.

34.  Section 110 of the Bankruptcy Code provides in relevant part:

> (b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.  If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to -
>     (A) sign the document for filing; and
>      (B) print on the document the name and address of that officer, principal, responsible person, or partner.

---

Cal. Civ. Code § 2944.7

[2]  The fee paid by the debtor to a bankruptcy petition preparer for typing and filing a bankruptcy petition may not exceed $125.00 including expenses (such as photocopies, postage, telephone charges and courier services). Guidelines to Petition Preparers in Eastern District of California Cases,  para. 2.

11 U.S.C. § 110(b)(1)(A)-(B).

The Preparer did not sign or print its name or the name of its officer, principal, responsible person or partner on the petition it prepared for filing with the court. The pre-printed signature block on the petition form includes bold-print language that specifically references 11 U.S.C. § 110. The Preparer's failure to complete the signature blocks as a Non-attorney Petition Preparer in this case can only be seen as wilful.   The Preparer shall be fined $500 for failing to sign and print the name and address of its officer, principal, responsible person or partner on the petition.

    35.  Section 110 of the Bankruptcy Code provides in relevant part:

(c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on
        the document, after the preparer's signature, an identifying number that identifies
        the individuals who prepared the document.
(c)(2)(A) . . . [F]or purposes of this section, the identifying number of a bankruptcy
        petition preparer shall be the Social Security number of each individual who
        prepared the document or assisted in its preparation.
(c)(2)(B) If a bankruptcy petition preparer is not an individual, the identity number of
        the bankruptcy petition preparer shall be the Social Security account number
        of the bank officer, principal, responsible person, or partner of the bankruptcy
        petition preparer.

11 U.S.C. §§ 110(c)(1) and (2)(A)-(B).

The Preparer failed to place the Social Security number of its officer, principal, responsible person or partner on the petition.  It shall be fined $500 for failing to do so.

    36.  Section 110 of the Bankruptcy Code provides in relevant part:

(b)(2)(A) Before preparing any document for filing or accepting any fees from a debtor,
        a bankruptcy petition preparer shall provide the debtor a written notice which
        shall be written on an official form prescribed by the Judicial Conference of
        the United States . . .
     (B) The notice under subparagraph (A) -
         (i) shall inform the debtor in simple language that a bankruptcy petition
        preparer is not an attorney and may not practice law or give legal advice;
         (ii) may contain a description of examples of legal advice that a bankruptcy
         petition preparer is not authorized to give . . .; and
         (iii) shall-
            (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy
            petition preparer; and
            (II) be filed with any document for filing.

11 U.S.C. §§ 110(c)(2)(A) and (B).

- 7 -

The Judicial Conference of the United States has prescribed an Official Form to allow a bankruptcy petition preparer to provide the referenced notice i.e., Official Form 19 - Declaration and Signature of Non-Attorney Petition Preparer.   The Preparer did not provide the Debtor with such a notice and it was not filed with the court.  The Preparer shall be fined $500 for such failure.

37.  Section 110 of the Bankruptcy Code provides in relevant part:

(h)(2)(A) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case . . . .

11 U.S.C. § 110(h)(2)(A).

The Preparer failed to file a declaration disclosing the $5,300 fee it received from the Debtor for services which included  preparing the bankruptcy documents.  It shall be fined $500 for such failure.

38.  Section 110 of the Bankruptcy Code provides in relevant part:

(l)(2) The court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer . . . .   (D) prepared a document for filing in a manner that failed to disclose the identity of the petition preparer.

11 U.S.C. § 110(l)(2)(D).

The Preparer prepared the Debtor's petition in a manner that failed to disclose the Preparer's identity.  It shall be fined in the total amount of $2,000, as set forth above, and the fine in that amount must be tripled to $6,000.  The fine shall be paid to the United States Trustee.  11 U.S.C. § 110(l)(4)(A).

//

//

//

//

//

//

- 8 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion**

For the foregoing reasons, the Court concludes the following relief should be granted:

1.   America's Outcry will be ordered to pay $10,600 to Juan Rodriguez and provide proof thereof to the United States Trustee within 30 days from the date of this Order; and;

2.  America's Outcry will be fined in the amount of $6,000  payable to the United States Trustee within 60 days from the date of this Order.

A separate order shall be entered.

Dated:  Dec 20, 2011

W. Richard Lee
United States Bankruptcy Judge

E-filed by Mark L. Pope
        Direct Phone: (559) 487-5002 Ext. 240
        Email: Mark.Pope@usdoj.gov

- 9 -